Mr. Burns, when you're ready. I'm ready, Your Honor. Your Honors, first and foremost, my name is John Burns. I represent Mr. and Mrs. Alvarez, who are appellants in this court, from an order from the United States Bankruptcy Court that was entered denying a complaint or default judgment for lien avoidance, which was then affirmed by the U.S. District Court. First and foremost, the issues that we believe both the District Court and the Bankruptcy Court aired upon concern three central focuses. The first is, number one, can a single member of a marital unit, one spouse, file a bankruptcy and then join with the other spouse to file a lawsuit in that bankruptcy in order to avoid a lien of a wholly unsecured, I should say by value, second lender against property, which is property of the estate. The second issue is, does the dichotomy between 11 U.S.C. Section 506A and 506D interfere with that ability of a single spouse to avoid the lien? And the third issue is really policy concerns. Is it just a bad idea to allow it, even if it's allowed by the statute or authorized by the statute? Well, Mr. Burns, if you could start out by helping me why this issue hasn't already been decided in this circuit. I mean, we have the Ford case, do we not? We do, Your Honor. Where in 1981 we affirmed the District Court decision in a published opinion, even though our opinion was per curiam, it was published. Yes, Your Honor. And therefore precedential, and the District Court opinion said that the tenancy by the entirety is not severed by the filing of a petition under the bankruptcy code. That's correct. Okay. Well, my position is, Your Honor, is absolutely correct. The Ford decision is precedential. And what the Ford decision really said in greater amplification was that, first and foremost, a transfer occurs when a debtor files for bankruptcy by virtue of the fact that property of the debtor becomes property of the estate. That's the first thing. But the court in bankruptcy has no authority, has no, does not have the entirety's estate in front of it. It only has one spouse's undivided interest in it. Isn't that correct? I would disagree with that, Your Honor, and I think the Ford case Well, but if you look at Section 1327, doesn't 1327 in terms of reorganization in Chapter 13, doesn't it say that the reorganization plan binds only the debtor? So if the court can only bind the debtor, how then does the court have any authority over or have any jurisdiction over the entirety's estate, the entire property, as opposed to the undivided interest of the debtor's spouse? Because I don't think the plan is the mechanism by which the lien is avoided. In this court recently, the Davis decision was reached, and the Davis decision with Brannigan v. Davis wherein a plan which ostensibly should provide for liens to be avoided upon entry of a discharge Right, but you had both the husband and wife in that case, did you not? We did, Your Honor, but the issue is still whether or not a plan which effectuates a discharge and therefore ties many rights including lien avoidances to that right could bind the debtors from not obtaining a lien avoidance where they'd had a prior Chapter 7 discharge. And our position in this case, the Alvarez decision, is that the plan is not really the instrumentality by which the lien is avoided. The lien is avoided in this case by either a motion, which is permitted by the local rules in the bankruptcy court, or by an adversary, which I believe this court's decision in the Sen Penn case years ago made clear that you should have an adversary proceeding to avoid a lien. And this particular case, Your Honor, an adversary was filed. It was filed by both the debtor and the non-debtor. Right, but the non-debtor has nothing to lose in this case. I mean, the non-debtor is not putting her assets on the line in this case. She's simply seeking to get the benefit of the bankruptcy protection that's afforded to her husband without subjecting her assets or anything to the authority or control of the bankruptcy court. And where is the authority for that? Your Honor, I think that's a very good point Your Honor makes. And the question is, number one, it's found within the Strasburg case from the District of Michigan, which said basically you purely look at 506A, and then you make the determinations as to whether there's equity, and if there's no equity, one spouse can avoid the lien. And the second more common sense sort of observation is that if a debtor receives no discharge, the debtor's still on the hook. Excuse me, I should say the non-debtor, correct? Yeah, I was going to ask you about that to follow up Judge Keenan's question. So your position is that if we were to permit stripping in these circumstances, is it your position that the creditor could still bring an in personam action against the non-debtor spouse? Absolutely, Your Honor. And that's why this is such an unusual situation, but it does happen from time to time. Do you have a citation to a case where that's actually happened? I don't, Your Honor, but I do have just the operation of the bankruptcy law, which says on the 1328A, you receive a discharge if you're a debtor. If you're not a debtor, you don't receive a discharge. And discharge, of course, controls. Why wouldn't, not to get too deep in the weeds here, why wouldn't a motion to dismiss for failure to join an indispensable party lie in the scenario you and I just contemplated? I think that's because the bankruptcy case itself is merely a big holding pen, jurisdictional holding pen for a variety of civil actions that arise within it. I'm having a real problem with that metaphor. Let me see if I can explain. Okay. If a debtor files for bankruptcy, all the bankruptcy is is a petition for relief, which gives you an automatic stay as the debtor so that creditors can't collect. Then various other contested matters or adversaries need to advance the case forward so that the case is concluded. Within the case, a debtor has the obligation, as Mr. Alvarez did, to file either a motion to avoid a lien or an adversary proceeding, which is a lawsuit. And in this case, he did join Maber Alvarez, his wife, in that adversary proceeding, which is the civil claim that operates as the, as it were, the mechanism. Right. To get the lien avoided. And the lien holder defaulted. And the lien holder defaulted. But there's no motion to dismiss a bankruptcy case because only one spouse would file. No, I think you may have misunderstood my question. My question contemplates that you succeed in the bankruptcy case, the lien is stripped, and then six months later, the lien holder sues the non-debtor spouse. Correct, Your Honor. And the non-debtor spouse moves to dismiss in that state court action for failure to join an indispensable party, namely the debtor spouse who's now been discharged. The lien holder can sue in persona a non-debtor spouse to get damages. But how does the lien holder respond to the motion to dismiss a failure to join an indispensable party since it's an entirety's debt? The response to that, Your Honor, is that the debt is not discharged, only the lien has been avoided. In other words, the collateral that secured that lien is no longer available to pay the debt, but the rights of the lender to go after either party who has not been discharged would survive. I see. So you're saying the debtor spouse could still be joined in the action. The debtor spouse, the non-debtor spouse. No, you said, I thought you just said that the lien is extinguished, but the debtor spouse remains on the hook. I don't believe the debtor spouse remains on the hook. I didn't think so either. But the non-debtor spouse is on the hook, and it's a simple contract action. But you still haven't responded to my hypothetical motion to dismiss for failure to join an indispensable party, which any spouse would make when he or she is sued by a creditor on a tenancy's obligation. My response, Your Honor, would be that it is a contract between the lender and the non-debtor spouse, and the lender can choose whichever spouse the lender wishes to sue as long as there's not a discharge or a bankruptcy statement. I think that runs into the teeth of the whole doctrine of tenancies by the entirety. I mean, either the entirety is before the court or it is not before the court. And it sounds to me like you're trying to have it both ways. I'm not, Your Honor. You're trying to say it is in front of the court in order to obtain a strip-off, but it's not in front of the court in terms of anything else as far as the non-debtor spouse. Either it's in front of the court or it's not in front of the court. Let me try to avoid confusing the two. How do you get it both ways? If I may. Because to me, that just doesn't work. Your Honor, our view, the debtor's view, is that there is an in-rem claim which can be brought by the lender. Lenders can go after property. They can go after people. They can do what they feel like under their loan documents and their lien documents. If the security is removed by virtue of the fact that the collateral is no longer collateral for the debt in bankruptcy, the debt survives as to any non-debtor, and that means that the lender could go and sue the non-debtor spouse. We see this all the time. And the non-debtor spouse then has a choice. She can either file for bankruptcy, she could defend the suit, or what have you. Well, then, let's back up things a little bit. How is the non-debtor spouse in front of the court then? The non-debtor spouse would be in front of a court when she is sued on a basic contract to pay down. No. How is the non-debtor spouse before the bankruptcy court? By virtue of the adversary proceeding where I'm able to bring. Okay, and so you're saying there are absolutely no consequences of her being before the bankruptcy court except to place the entirety of the state within the court. That's correct, Your Honor. Well, see, you're trying to have it both ways. You're trying to say that she's in front of the court to the advantage of the debtor, but she's not in front of the court for all other purposes, and that's impossible. Let me give some practical observation. Perhaps I can put it in context. It would be absolutely moronic in most cases for a single debtor to file a bankruptcy case and try to avoid a lien where the non-debtor spouse is not a debtor as well. Why do these things happen then? Why do these cases arise? They arise because of happenstance. Sometimes a non-debtor is not in the United States, as Ms. Alvarez may have been in this case. Then we have situations where you have non-debtors. They may have assets she's trying to hide. They may have assets that are residing in her that they don't want in front of the bankruptcy court, and isn't that the reason why? But those assets would not be affected by any step the debtor is taking. The lender reserves and has the right to go after any asset that Ms. Alvarez has other than the property, which is the matter sub judice before the bankruptcy court. So if I'm seeking to avoid a lien as a bankruptcy lawyer, I'm simply trying to shave a lien off one property, that is, the house. Anything else she has, if she has money in the bank or she has collectible assets, revenue, garnishable wages, those assets are still available to a lender absent her decision to file a bankruptcy. But if the entirety's property is the whole, your only answer is you get the whole in front of the court because she's joined in the lawsuit. That's correct, Your Honor. And if we disagree with you, you lose. Is that correct? That is correct, with the exception, Your Honor, in the notation, that this depends on Maryland law, really, not bankruptcy law. Okay. But you do agree that the joining of her in the lawsuit, if we disagree with you, your case is over. I believe that's not true because of the Strasbourg opinion. Well, that's not binding on us. I understand, but it's still an argument, Your Honor. Your Honor, I would simply say, as to my first stage of the argument, that the debtor has the ability to avoid a lien under Maryland law as long as he connects the spouse. Strasbourg says that the debtor can do it without joining the spouse, and there's divergent case law on this through the country. The disadvantage to the non-filing spouse is that she does not get a discharge. With that, I'll be seated until rebuttal, Your Honor, unless I have a question. Thank you. Thank you. Mr. Tivitt. May it please the Court. Your Honor, you made a very good point about the fact that what you see here is that the debtor is trying to have it both ways. There's only one indication where an entirety state is allowed to unilaterally change the makeup, and that's when the trustee is provided authorization under the code to sell the property. And if the trustee decides that there's something to be gained for this state by taking the entirety's property and selling it in its entirety, it may do that. And what it does then is then provide the proceeds to both the debtor's estate as well as the non-debtor. That's under specific authorization. Absolutely right. That's the only authorization in the Banksy Code that provides that. There's nowhere else in there. And as you raised earlier, it just does not fit well with the whole design of the entirety of the state for someone to be able to do what he's presuming to do, which is to try to unilaterally change the makeup so that not only did he strip the lien toward the debtor's obligations or towards the debtor's interest, but also toward the non-debtor's spouse. And I think you raised also a very good point, Judge Keene, when you mentioned that about the adversary proceeding doesn't put the non-debtor's estate before the court. And to put it lightly, the non-debtor has no skin in the game. I mean, it's a win-win one way or the other. No problem there for them. So I think in the end, I think it's quite clear that what they're seeking right now, I think the district court as well as the bankruptcy court got it right, and I think this court should affirm. How is it a win-win when the non-party spouse could potentially – let me ask this question first. The whole purpose of lien stripping is to really determine the status of the value of the debt against the value of the property. Right? Let's say if it was tenancy in common or just own fee simple by one person, isn't the idea that we're trying to determine whether or not this otherwise secured lien really should be unsecured because it has no value? It's upside down completely. Well, we already determined that it's unsecured because it's a second lien. It's already under water. All right. But what they're trying to do more than that is try to remove it, to make it valueless, and to then remove the obligation on it. I mean, just because it's been valued to be zero or nothing doesn't mean that they have the ability then to remove the lien from the property and then from the property itself. That's what the issue is here. It's not that under 506A, that's where you value it, but under 506D doesn't permit them to be able to strip it as it pertains to the non-debtor's interest. Right. But here, I agree. Why couldn't they really proceed? Of course, it wasn't really maybe pled that way, but really under 1322, they could have issued it on a planned proceeding. It could have been dealt with. Right? It could have been a motion on the 506. It could have been on the 1322 under the plan in there. Proceed then is not based on you don't need the non-debt as you would on 506. Your Honor, I didn't consider it. I only considered what they actually did. I'm sorry I'm not prepared for your hypothetical. But, you know, quite frankly, what they tried to do here was to put forth a complaint. They didn't try any other means, and maybe that would have been available to them. But I think under this circumstance, under these facts, in this case, I think that what they're trying to seek is permissible, and I think the district court and the bankruptcy court got it right. But should we perhaps remand this case that it be considered under the proper laws in that sense? On the 1322, whether or not it's appropriately under the plan and not on the 506? Well, you don't need the debtor because 506, you're right, is debtor-driven, and she's not a party for the court. But under 1322, under the plan, it wouldn't be required. Well, Your Honor, if you feel that that's material to your decision, I think that instead what we would prefer to do is to have further briefing on that issue and to provide that to the court before the court makes a decision whether to remand it for further proceeding. Would she remain obligated on the note, on the underlying note, if they were to succeed here? I can't see why that would be the case. It would be particularly unusual. When you say if he were to win here, which is what he's saying, well, sorry, I'm mixing up your hypothetical to him earlier about ‑‑ If the lien is stripped here. If the lien is stripped here, it would be removed from the entirety of the property, and she would no longer be obligated because ‑‑ Well, the lien would be stripped, but what about the underlying obligation? She's not going to get a discharge. That's true. I mean, but, well, she's not going to be able to get ‑‑ I mean, if they were to proceed against her, we would get back to where we were before, which is basically then she would then say, well, you failed to ‑‑ they would have to come out to her for the debt, and then she would say, well, you failed to include the nondispensable party, which is him. If you were to provide him with a discharge and ‑‑ So you're adopting my argument with the ‑‑ Yeah, I mean, I think it shows that it doesn't make sense, and it was never designed for the Bankruptcy Code to be that way. Congress specifically only provided the one instance, which is where the trustee is allowed to take the entirety of the property and sell it. That's the only indication in the Bankruptcy Code where the court ‑‑ I mean, where Congress has decided to sort of provide that change in the jurisprudence when it comes to entirety as a state. By the way, this is really coming out of left field for you, but we very much appreciate your appearance here as amicus, but I can't help but ask, was this an appropriate case to appoint amicus? I mean, the lien holder didn't care enough, and we understand the economics of that, but do you think the District Court or the Bankruptcy Court should have raised this issue sua sponte and permitted the lien holder to get your free, excellent representation here? And all the future lien holders in the Fourth Circuit? I was asked that question, actually, at my mood. I'm sure your partners asked that question. Well, here's the thing. This is an issue of whether the Bankruptcy Court had jurisdiction, right? Because there ‑‑ and on that, that's a question that gets to ‑‑ Why is it jurisdiction? Well, because they're saying that basically the relief that they're seeking was a neighbor fight. I should say not jurisdictional, but it couldn't provide ‑‑ actually, it couldn't provide the relief that they wanted. But it wasn't jurisdictional in the statutory sense. Yeah, not in the statutory sense. Or the constitutional sense. Right, exactly. Okay. And so in terms of ‑‑ I mean, I think that you make a good point. I mean, it's very likely that because they sort of didn't proceed, but the fact is that the District Court and the Bankruptcy Court decided that they didn't have the ability to provide the relief that they were seeking, and so what happened here is that you still ‑‑ it's almost de facto like a situation where they don't have jurisdiction. They don't exercise jurisdiction over the issue. It's impossible for the court to do something it's unable to do. And so what happens is that it got appealed and appealed, the ‑‑ without having the lien holder to provide the opposite viewpoint on the law, then what you have is a situation where right now we have the debtors here and not the ability to hear any other side. Well, there certainly is authority that a District Court and presumably a Bankruptcy Court likewise, even after an order of default, still examines the propriety of the relief sought, and that's the point you're making, that the Bankruptcy Court and the District Court after that were correct to not simply rubber stamp what the claimants were requesting but to actually get into the law and the statute to see whether ‑‑ not whether there was jurisdiction, but whether there was an entitlement to the relief that was sought. Yeah, that's correct, Your Honor. Okay, thank you. Thank you. If there's no further question, I just ask that the court affirm the District Court's opinion. Thank you, Mr. Tiffith. Mr. Brines, you have some time remaining. Thank you, Your Honor. First and foremost, I wish to thank the Circuit Court for appointing Mr. Tiffith because as I informed in my own motion, I was tired of losing on a post. I'm tired of losing on a post in this case. Having said that, let me respond to some of the argument that was made and some lingering questions perhaps. Judge Gregory, you suggested that perhaps this could be arrived at through a plan, a lien avoidance through a plan. The Fourth Circuit issued a case called Sen Penn v. Hansen, I believe it was, in 2003, which said that adversary proceedings in a bankruptcy, excuse me, lien avoidances in a bankruptcy had to be through adversary proceedings because the due process concerns evinced by the enhanced notice for lawsuits and depriving people of liens. Thus, I would love to be able to advance this through 1322 in the contents of a plan, but I believe the Fourth Circuit made it. Would they be able to come in in a planned situation and vindicate their rights and oppose your plan? That due process could be there. Your Honor, there is authority for that in the Supreme Court's case of Espinoza, which was issued in 2009 in which a student loan that was clearly nondischargeable was put in to be discharged, and the Supreme Court said the plan was binding, and I certainly think that that might be something for subsequent consideration. We've got Maryland law here on what the entirety's property is, and I think what you've done is really kind of walk away from that in your analysis. I'm delighted to answer that, Your Honor, because I believe that Maryland law in the Burns case and in the Marbury case and those that I cited say that two married spouses having the four unities have to act together, and they have to join in an action for damages in the Pickering case, and they have to take steps in tandem. And they aren't taking the step in tandem of both being debtors. With respect, Your Honor, I believe the lawsuit is the step that's being referred to in those civil cases. And I guess maybe I haven't been too clear, but it seems to me that the non-debtor spouse is floating into the case in terms of the lien to try to get the lien stripped off and then floats out. The bankruptcy plan has nothing to do with the non-debtor spouse. We know that under 1327. So it's kind of an amorphous thing. Without regard to Maryland property law, the non-debtor spouse is allowed to just float in to get rid of the lien, but then gets to move right out without any of the duties and responsibilities that attend to the debtor spouse under the bankruptcy code and under the force and effect of 1327. And I don't see anything in Maryland law that allows this float in and float out concept that you're advocating. Let me try to address what I believe, Your Honor, is the central concern, and it is does the non-debtor spouse have skin in the game, so to speak? Does the non-debtor spouse come in and get free pay? My concern is the entirety's property. Very well, Your Honor. I mean, you know, she may make off like a bandit. That's not my problem. My problem is, conceptually, is the entirety's property and how you allow it to kind of morph into the case and her to morph into the case by filing this lawsuit that doesn't put her in front of the court for purposes of the power of the court to effect a plan, and then she's allowed to move the entirety's estate essentially or her undivided interest out? Your Honor, my response to that question is that adversary proceedings frequently and routinely join non-debtors for property relief, for recovery actions, for turnover actions, for declaratory rights, which, by the way, to answer my distinguished colleague's point, there is a jurisdictional basis here. It's 2201 and 2202 of Title 28, and, of course, the bankruptcy exclusive provisions of a property. I don't think there's a question of a problem of jurisdiction. The question is whether the property, the entirety's of the property is in front of the court. And I believe that there's nothing that could be done in a bankruptcy case, other than perhaps Judge Gregory's suggestion as to a plan, which may or may not come to bear, that would allow a debtor to strip a lien other than an adversary proceeding under the Sen Penn case, which means that either the debtor's adversary fails to state a claim because with both owners of the property it requests the relief allowed for by Maryland law, both owners acting in concert, simply because the two parties did not file a bankruptcy case. And I think that may be the crux of the issue that this panel is asked to look at. Does the absence of a non-debtor where the non-debtor is in the case from the perspective of the adversary proceeding, a proper party, an adversary to strip a lien, does that defeat or somehow defease the ability of the case to move forward, the adversary case? What does being in the case mean, then, from your perspective? If the person's not the debtor and is not subject to the power of the bankruptcy court, how are they in the case? I don't get it. Well, that's a great question because there was a point made earlier about assets of the non-debtor not being before the court. Well, no, no. Just answer the question, if you would, because, you know, this is complicated enough. But I think that is the answer. And I need to kind of stay on my track here. No, I understand, Your Honor. But what does in the case mean? In the case means you're a debtor or you're not a debtor, and that means for the overall perspective of the bankruptcy. So she's the debtor, then, by joining in the lawsuit, you're saying? She's not a debtor by joining in the lawsuit. Right. Well, then, but you said it brings her in the case. And what I'm asking you is – It brings her in the case. No, we both can't talk at the same time. What I'm asking you, Ms. Burns, is what does in the case mean? In the context I was using it, I meant it in the civil case, the adversary. And, unfortunately, before I could clarify that, Your Honor, I think heard me say the bankruptcy case. She's in the adversary case as a party. She's not in the bankruptcy case as a debtor. And I think that enables her to move with the debtor for relief. I don't think there's any adverse consequences based on some of these cases. I just want to touch on, like, the Pierre case from Florida and its progeny. Let's say the assets of the non-debtor are not before the court. The reality is they're not going to be in Chapter 13 anyhow if she was in the case as a Chapter 13 case debtor. Her income is automatically part of the debtor's estate because we use household income when we determine Chapter 13. Her assets that she owns in her own right are not going to be in the case, bankruptcy case, because the lender would have no claim to those anyhow except outside of bankruptcy, meaning it doesn't come into the bankruptcy estate. And joint property, of course, has its own role because it would have to be scheduled and becomes property of the estate just like the tenants by the entirety of property did. Your Honor, in closing, I think that there is no basis under the Gautron case, either under 506A or D, to protest the lien avoidance. Thank you, Your Honor. Thank you very much. Thank you very much. Mr. Burns and Mr. Tiffin, I note that you're both court appointed in your roles, and we thank you very much. Our court could not do its job without your fine service and really appreciate that. And as Judge Davis could point out, it was even a rare case here for a bank lien situation. But thank you so much, and we'll come down and greet you both and then proceed to the next case. Thank you.
judges: Roger L. Gregory, Andre M. Davis, Barbara Milano Keenan